UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LORETHIE DUNN  CIVIL ACTION NO.

VERSUS  15-CV-762-JJB-EWD

BOARD OF SUPERVISORS,
LOUISIANA COMMUNITY AND
TECHNICAL COLLEGE SYSTEM

## RULING AND ORDER ON MOTION FOR CONTEMPT

Pending before the court is a Motion for Contempt,[1] filed by defendant, the Board of Supervisors of the Louisiana Community and Technical College System ("the Board"), which was filed on May 17, 2017. The Board requests that the following four non-party individuals: Sheila C. Green, LPC; Beatrice A. Tatem, Ph.D., LPC-S, NCC, ACS; and Reverend George S. Cooper, Jr. and Mrs. Charlotte Cooper, be held in contempt for failure to respond to subpoenas duces tecum. According to Local Civil Rule 7(f), a respondent opposing a motion must file a response within twenty-one days after service of the motion. The court has not received a timely response to the Motion for Contempt from any of the non-parties and, therefore, the Motion for Contempt is unopposed.[2] For the reasons that follow, Beatrice A. Tatem, Reverend George S. Cooper, Jr. and Mrs. Charlotte Cooper are **ORDERED** to produce documents responsive to the subpoenas duces tecum propounded to them.[3]

---

[1] R. Doc. 58.
[2] The dates the non-parties were served (or information indicating they were served) is set forth in the Memorandum in Support of Motion for Contempt. (R. Doc. 58-1 at 2). The information provided indicates that more than twenty-one days have passed since the subpoenas were served.
[3] The undersigned issued a Notice and Order on May 19, 2017 requiring that the Board supplement their Motion for Contempt with evidence of compliance with Fed.R.Civ.P. 45(a)(4). Each subpoena at issue is accompanied by an affidavit from the Board's counsel that meets the requirements of Fed.R.Civ.P. 45(a)(4). *See*, R. Doc. 58-2 at 19 & 27.

## I. Background

This case arises out of claims by the plaintiff, Lorethie Dunn, that she was subjected to racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 by her former employer, the Board. Ms. Dunn further alleges the Board violated the Age Discrimination in Employment Act, breached its tenure agreement with Ms. Dunn, and violated her rights to due process. Ms. Dunn seeks compensatory damages, a permanent injunction/declaratory judgment, pre- and post-judgment interest, attorney's fees and expenses, punitive damages against individual defendants, court costs, and such other and further relief as the court deems proper.[4]

In its Memorandum in Support of Motion for Contempt, the Board alleges that the subpoenas duces tecum at issue were propounded to individuals identified in the plaintiff's discovery responses as being individuals who treated her for "any injury, damages, and/or losses" alleged in the Complaint.[5] Specifically, subpoenas duces tecum were issued to Sheila Green, LPC; Beatrice A. Tatem, Ph.D, LPC-S, NCC, ACS; Reverend George S. Cooper, Jr. and Mrs. Charlotte Cooper; and Dr. Vipul Shelat with a return date of May 16, 2017. As of the filing of the Motion for Contempt on May 17, 2017, only Dr. Shelat had provided responsive records.[6] After the Motion for Contempt was filed, counsel for the Board sent correspondence to the court indicating that responsive documents had also been received from Sheila Green.[7] Accordingly, the Board seeks to hold Beatrice Tatem, Reverend George Cooper, Jr. and Mrs. Charlotte Cooper in contempt for failure to respond to the subpoenas.

---

[4] R. Doc. 45, ¶ IX.
[5] R. Doc. 58-1 at 1.
[6] *Id.* at 2.
[7] R. Doc. 61.

## II. Law and Analysis

Fed. R. Civ. P. 45 prescribes the rules applicable to subpoenas issued to third-parties. Rule 45(g) provides in pertinent part that "[t]he court for the district where compliance is required … may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."

Pursuant to 28 U.S.C. § 636(e)(6), a magistrate judge cannot grant a motion for contempt, but can only certify the facts regarding any failure to obey the subpoena to a district judge, and order an appearance before the district judge to show cause why the person should not be held in contempt.

The primary relief requested in the Motion for Contempt is that the individuals be required to produce the documents requested.[8] In light of the fact this Motion for Contempt involves subpoenas propounded to non-parties who may not have a sophisticated understanding of the legal system, the undersigned does not find that the facts warrant certification of contempt to the district judge at this time. However, Beatrice A. Tatem, Ph.D., LPC-S, NCC, ACS; Reverend George S. Cooper, Jr. and Mrs. Charlotte Cooper shall produce any documents in their possession, custody or control, responsive the subpoenas duces tecum propounded to them within ten (10) days of the date of this Ruling and Order. No objections will be allowed.

**IT IS HEREBY ORDERED** that Beatrice A. Tatem, Reverend George S. Cooper, Jr. and Mrs. Charlotte Cooper shall produce any documents in their possession, custody or control, responsive the subpoenas duces tecum propounded to them within ten (10) days of the date of this Ruling and Order.

---

[8] R. Doc. 58 at 1.

**IT IS FURTHER ORDERED** that to the extent Beatrice A. Tatem, Reverend George S. Cooper, Jr. and Mrs. Charlotte Cooper do not have any documents in their possession, custody or control that are responsive to the subpoenas duces tecum, they shall so certify under oath and provide such certification to counsel for the Board, no later than ten (10) days from the date of this Order.

**IT IS FURTHER ORDERED** that counsel for defendant, the Board of Supervisors of the Louisiana Community and Technical College System, shall serve this Ruling and Order on Beatrice A. Tatem, Reverend George S. Cooper, Jr. and Mrs. Charlotte Cooper in the same manner as is required for service of a subpoena under Fed.R.Civ.P. 45.

**Failure to comply with the requirements of this Ruling and Order may result in a certification of contempt to the district judge and may result in the imposition of sanctions.**

Signed in Baton Rouge, Louisiana, on June 9, 2017.

                                        **ERIN WILDER-DOOMES**
                                        **UNITED STATES MAGISTRATE JUDGE**